**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CHAD PAWLAK<br>N11606 County Road O<br>Greenwood, WI 54437<br><br>    Plaintiff,<br><br>vs.<br><br>LOCUS MANAGEMENT, LLC<br>c/o CT Corporation System<br>4400 Easton Commons, Suite 125<br>Columbus, OH 43219<br><br>and<br><br>LOCUS HOLDINGS, LLC<br>c/o CT Corporation System<br>4400 Easton Commons, Suite 125<br>Columbus, OH 43219<br><br>    Defendants. | CASE NO.<br><br>JUDGE<br><br><br>**APPLICATION TO CONFIRM ARBITRATION AWARD AND COMPLAINT FOR ALTER EGO OR SUCCESSOR LIABILITY ON ARBITRATION AWARD**<br><br>**<u>JURY DEMAND ENDORSED HEREON</u>** |

For his Application to Confirm Arbitration Award and Complaint against Defendants Locus Management, LLC,  and Locus Holdings, LLC, Plaintiff Chad Pawlak, through counsel, alleges the following:

**<u>INTRODUCTORY STATEMENT</u>**

1. Plaintiff Chad Pawlak (hereinafter "Plaintiff" or "Pawlak") is an individual who resides in the City of Greenwood, County of Clark, State of Wisconsin.

2. Defendant Locus Management, LLC ("Locus Management") was a limited liability company, organized and existing under the laws of the State of Ohio, that filed a certificate of dissolution with the Ohio Secretary of State on December 3, 2024.

3.      Defendant Locus Holdings, LLC ("Locus Holdings") is a limited liability company, organized and existing under the laws of the State of Delaware.

4.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, by way of 9 U.S.C. § 9 and JAMS Employment Arbitration Rule 25, as well as 28 U.S.C. § 1332 due to the amount in controversy and complete diversity of the parties.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Locus Management and now Locus Holdings had and have their principal places of business in the Northern District of Ohio, which is also where the contract in question was executed, and § 20 of the contract in question contains a choice of law clause requiring venue and jurisdiction in Cuyahoga County, Ohio, and 28 U.S.C. § 1391(d), because Locus Management was an entity created and existing in the State of Ohio.

## FACTS

6.      Pawlak was initially hired in March of 2021 to act as Vice President of Sales for Row Crops for Locus Agriculture, a division of Locus Management, LLC.

7.      Subsequently, Locus Management promoted Pawlak to CEO of Locus Agricultural Solutions and Locus Animal Nutrition.

8.      On January 19, 2023, Pawlak and Locus Management, LLC entered into an Employment Agreement related to his employment.

9.      A true copy of the Employment Agreement is attached to this Complaint as Exhibit 1.

10.     Section 17 of the Employment Agreement contains a valid arbitration provision.

11.     On October 13, 2023, Locus Management, LLC terminated Pawlak in violation of the Employment Agreement.

2

### *The Arbitration*

12.     Subsequently, on February 14, 2024, Pawlak filed for arbitration through JAMS, against Locus Management, LLC, in case no. 5390000131, alleging claims of breaches of the Employment Agreement and retaliation.

13.     On July 15, 2025, the arbitrator, James E. Snyder, submitted his written, reasoned decision awarding Pawlak the sum of $1,198,260.18 against Locus Management, LLC (the "Arbitration Award").

14.     A true copy of the Arbitration Award is attached to this Complaint as Exhibit 2.

15.     No party requested that the arbitrator correct any computational, typographical or other similar error in the award within the time period designated by JAMS Rule 24(j).

16.     Pursuant to JAMS Rule 24(k) the award became final on July 29, 2025.

17.     To date, the Arbitration Award has not been satisfied.

### *Dissolution of Locus Management, LLC*

18.     Conveniently, in the period between commencement of the arbitration (February 14, 2024) and the conclusion of the arbitration (July 15, 2025), Locus Management, LLC filed a certificate of dissolution with the Ohio Secretary of State.

19.     A copy of the certificate of dissolution is attached to this Complaint as Exhibit 3.

20.     Upon information and belief, Locus Management, LLC was dissolved as part of a merger involving numerous Locus entities.

21.     Upon information and belief, Locus Management, LLC, Locus Solutions, LLC, Locus Management, GP, Inc., Locus IP Company, LLC, Locus Oil Holding, LLC, Locus Bio-Energy Solutions, LLC, Locus Oil IP Company, LLC, Locus Agriculture Holding, LLC, Locus Agricultural Solutions, LLC, Locu Agriculture IP Company, LLC, Locus Consumer Brands

3

Holding, LLC, Arctiva Wellness, LLC, Locus Solutions, IPCO, LLC, and Locus Solutions IPHOLDCO, LLC (together the "Locus Restructuring Entities") entered into a certain Restructuring Agreement on or about October 17, 2024.

22. Subsequently, Locus Management, LLC was dissolved, again while the underlying arbitration case was pending.

23. After the Restructuring Agreement was executed, many of the Locus Restructuring Entities took steps to transfer certain assets into a newly formed entity known as Locus Holdings, LLC.

24. Locus Holdings, LLC is a Delaware LLC that was formed on August 12, 2024, again after the arbitration was commenced by Pawlak against Locus Management, LLC.

25. Many of the assets transferred or assigned to Locus Holdings, LLC were owned by Locus Management, LLC, including the trade names for Locus Animal Nutrition, Locus Consumer Brands, Locus Ingredients, Locus Mining Solutions, Locus Performance Ingredients, and Locus Wellness.

26. A copy of the Locus Animal Nutrition assignment is attached to this Complaint as Exhibit 4.

27. A copy of the Locus Consumer Brands assignment is attached to this Complaint as Exhibit 5.

28. A copy of the Locus Ingredients assignment is attached to this Complaint as Exhibit 6.

29. A copy of the Locus Mining Solutions assignment is attached to this Complaint as Exhibit 7.

30. A copy of the Locus Performance Ingredients assignment is attached to this Complaint as Exhibit 8.

31. A copy of the Locus Wellness assignment is attached to this Complaint as Exhibit 9.

32. Other assets transferred or assigned to Locus Holdings came from certain other Locus Restructuring Entities, including Locus Solutions, LLC, which transferred the trade name of Locus Fermentation Solutions.

33. A copy of the Locus Fermentation Solutions assignment is attached to this Complaint as Exhibit 10.

### *Continued Use of Locus Management, LLC Trade Names by Locus Holdings, LLC*

34. Currently, Locus Holdings, LLC operates a website, locusfs.com, using the Locus Fermentation Solutions trade name, which was assigned from Locus Solutions, LLC to Locus Holdings, LLC (see Exhibit 10).

35. The https://locusfs.com/markets/mining/overview/ page uses the trade name Locus Mining, which was assigned from Locus Management, LLC to Locus Holdings, LLC (see Exhibit 7), as evidenced by the screenshot below.



36.     The     https://locusfs.com/solutions/ingredients/heavy-duty-cleaning-degreasing/ page uses the trade name Locus Ingredients, which was assigned from Locus Management, LLC to Locus Holdings, LLC (see Exhibit 6), as evidenced by the screenshot below.



37.     Locus Holdings, LLC, through the Locus Fermentation Solutions trade name, also operates a website (https://locusanimalnutrition.com/) using the Locus Animal Nutrition trade name, which was assigned from Locus Management, LLC to Locus Holdings, LLC (see Exhibit 4).

## FIRST CLAIM: CONFIRMATION OF ARBITRATION AWARD

38.     Plaintiff restates each of the previous allegations as if fully restated herein.

39.     Plaintiff obtained a written and reasoned Arbitration Award against Locus Management, LLC (see Exhibit 2).

40.     The Arbitration Award was made as of July 15, 2025.

41.     Both 9 U.S.C. § 12 and Ohio Revised Code § 2711.13 require that any motion to vacate or modify arbitration awards be served upon the adverse party within three months of delivery of the award.

42. Locus Management, LLC never filed or provided notice of a motion to vacate or modify the Arbitration Award.

43. Since it is within one year of the date of the award, and since Locus Management, LLC did not file a motion to vacate or modify the award, Plaintiff is entitled to have a court confirm the Arbitration Award.

44. Pursuant to either 9 U.S.C. § 9 or Ohio Revised Code § 2711.09, this Court has the power and authority to confirm the Arbitration Award (Exhibit 2).

45. The Arbitration Award has not been satisfied as of the filing of this Complaint, so confirmation of the Arbitration Award is necessary in order for Plaintiff to collect on the Arbitration Award.

### SECOND CLAIM: SUCCESSOR LIABILITY AGAINST LOCUS HOLDINGS, LLC

46. Plaintiff restates each of the previous allegations as if fully restated herein.

47. Locus Holdings, LLC acquired all or a substantial amount of the assets of Locus Management, LLC.

48. Subsequently, Locus Management, LLC filed a notice of dissolution.

49. Upon information and belief, Locus Holdings, LLC expressly or impliedly assumed Locus Management, LLC's liabilities, including the liabilities associated with Plaintiff's arbitration case (and the subsequent damages award) against Locus Management, LLC.

50. Additionally, the assignment of various trade names by Locus Management, LLC to Locus Holdings, LLC, coupled with the continued use of those trade names by Locus Holdings, LLC, as evidenced by ¶¶ 33-36, shows that the creation of Locus Holdings, LLC was merely a de facto merger.

51. Additionally, the assignment of various trade names by Locus Management, LLC to Locus Holdings, LLC, as evidenced by ¶¶ 33-36, coupled with the continued use of those trade names by Locus Holdings, LLC, shows that the creation of Locus Holdings, LLC was a mere continuation of the business previously conducted by Locus Management, LLC.

52. Further, the assignment of trade names, combined with the dissolution of Locus Management, LLC without a winding up has the appearance of fraud, and if it is determined to be fraud, successor liability can be imposed.

53. As such, one of the four exceptions for successor liability applies in this situation, and Locus Holdings, LLC is now responsible for payment of the Arbitration Award (Exhibit 2).

### THIRD CLAIM: FRAUDULENT CONVEYANCE (O.R.C. § 1336.04)

54. Plaintiff restates each of the previous allegations as if fully restated herein.

55. On July 15, 2025, Plaintiff obtained the Arbitration Award against Defendant Locus Management, LLC.

56. The initiation of JAMS case no. 5390000131 on February 14, 2024 constituted a "claim" as defined by R.C. 1336.01(C).

57. Plaintiff is a "creditor" as defined by R.C. 1336.01(D).

58. The claim from JAMS case no. 5390000131 is a "debt" as defined by R.C. 1336.01(E).

59. The Arbitration Award is a "debt" as defined by R.C. 1336.01(E).

60. Defendant Locus Management, LLC is a "debtor" as defined by R.C. 1336.01(F).

61. Defendant Locus Holdings, LLC is an "insider" as defined by R.C. 1336.01(G).

62. The claim from JAMS case no. 5390000131 and the Arbitration Award each constitute a "lien" as defined by R.C. 1336.01(H).

63.    The acts described in ¶¶ 17-32 were done with actual intent to hinder, delay or defraud Plaintiff.

64.    The assignments and other acts described in ¶¶ 17-32 were made without Locus Management, LLC receiving a reasonably equivalent value in exchange for the transfer.

65.    Plaintiff is entitled to relief under R.C. 1336.07, including either an avoidance of the transfers, including any transfers of other assets, or an attachment or garnishment of the transferred property.

66.    In the alternative, Plaintiff is entitled to the equitable remedies set forth under R.C. 1336.07(A)(3).

67.    In addition, and due to the malicious, egregious, and reckless actions of Defendants, Plaintiff is entitled to additional penalty damages plus Plaintiff's reasonable attorney fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Chad Pawlak prays for the following relief:

(1)    As to the First Claim, a judgment confirming the Arbitration Award attached to this Complaint as Exhibit 2.

(2)    As to the Second Claim, a judgment declaring that Locus Holdings, LLC is a successor to Locus Management, LLC and that Locus Holdings, LLC is jointly and severally liable for the Arbitration Award, along with Locus Management, LLC.

(3)    As to the Third Claim, a judgment declaring that Defendants Locus Management, LLC, and Locus Holdings, LLC committed fraud related to the assignment or transfer of property and other assets from Locus Management, LLC to Locus Holdings, LLC, and finding Defendants Locus Management, LLC and Locus Holdings, LLC liable, jointly and severally, in in an amount to be proven at trial, but believed to be in excess of

$1,198,260.18, plus any punitive damages the Court deems appropriate, plus Plaintiff's reasonable attorney's fees.

(4)     Interest at the statutory rate from July 15, 2025 until the debt is paid.

(5)     Such other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,


*s/Michael R. Fortney*
Michael R. Fortney (#0092325)
FORTNEY LAW, LLC
300 Weatherstone Dr. #303
Wadsworth, OH 44281
(330) 619-8502
mike@ohiolienlawyer.com

Attorney for Plaintiff