**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHAD PAWLAK, | ) | CASE NO. 1:26-CV-01264 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHARLES ESQUE FLEMING |
| vs. | ) | |
| | ) | |
| LOCUS MANAGEMENT, LLC and LOCUS HOLDINGS, LLC, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT LOCUS HOLDINGS, LLC'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT**

Defendant Locus Holdings, LLC ("Holdings") hereby files its reply to *Plaintiff's Response in Opposition to Defendant Locus Holdings, LLC's Motion to Dismiss* ("Opposition") [ECF No. 13] and in further support of its *Motion to Dismiss Plaintiff's Amended Complaint* ("Motion") [ECF No. 12].[1]

## PRELIMINARY STATEMENT

To survive a motion to dismiss, a complaint must contain enough facts to state a claim for relief that is plausible on its face and must overcome the line between possibility and plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff cannot hide behind conclusory statements, legal conclusions, or unwarranted factual inferences. And yet, that is precisely what Plaintiff is doing here. Indeed, Plaintiff makes several key admissions in the Opposition underscoring the lack of well-pled facts and his reliance on pure speculation and guesswork. For example, Plaintiff admits that, without discovery, he knows nothing about: (i) the commonality of ownership between Holdings and Management (Opp., p. 13); (ii) whether liability for the Arbitration Award was

[1] Capitalized terms used but not otherwise defined herein have the meanings given in the Motion.

included in or excluded from the alleged assumption of liabilities by Holdings (*Id*., p. 9); (iii) what consideration was given to Management in exchange for its assets (*Id*., p. 16); and (iv) whether such consideration was sufficient (*Id*.). At bottom, the lack of well-pled facts in the Amended Complaint remains obvious and the Opposition does nothing to save Plaintiff's claims from dismissal.

## I. PLAINTIFF IS NOT ENTITLED TO DISCOVERY TO FILL IN THE LARGE GAPS IN HIS PLEADING OR FIX CONCLUSORY ALLEGATIONS BEFORE COMPLYING WITH *TWOMBLY* AND *IQBAL* PLEADING STANDARDS

Plaintiff argues that the Motion is "premature" and that he is entitled to discovery to help fill in the missing facts he needs to articulate plausible claims, especially because the information is in the possession of Holdings. This argument conflicts with applicable law, turns the pleading standards set forth by the Supreme Court in *Twombly* and *Iqbal* on their head, and should be rejected for several reasons.

First, Plaintiff mischaracterizes the *Twombly* case. *Twombly* does not hold that a plaintiff should be allowed to take discovery when he fails to allege facts on his own that are sufficient to state a plausible claim for relief on the face of the complaint. To the contrary, the Supreme Court makes it crystal clear that a plaintiff is <u>not</u> entitled to discovery if he cannot first allege facts meeting the plausibility standard under *Twombly*:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation' (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, ***but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions***. Second, only a complaint that states a plausible claim for relief survives a motion

> to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009) (emphasis added) (internal citations omitted).

Second, the Court of Appeals for the Sixth Circuit consistently rejects discovery as a permissible solution to cure defective pleading. *See, e.g., Kovalchuk v. City of Decherd, Tennessee*, 95 F.4th 1035, 1041 (6th Cir. 2024) (collecting cases) ("a plaintiff cannot use discovery to bridge the gap between a deficient pleading and the possibility that a claim might survive upon further investigation.").

Third, it does not matter if the information necessary to state a claim is solely within the possession of a defendant. The Sixth Circuit has rejected this argument:

> The plaintiff apparently can no longer obtain the factual detail necessary because the language of *Iqbal* specifically directs that *no* discovery may be conducted in cases such as this, even when the information needed to establish a claim of discriminatory pricing is solely within the purview of the defendant or a third party, as it is here. *Ashcroft v. Iqbal*, 129 S.Ct. at 1954 ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.") … In this case that means, as the district court held, that plaintiff must allege specific facts of price discrimination even if those facts are only within the head or hands of the defendants. The plaintiff may not use the discovery process to obtain these facts after filing suit. The language of *Iqbal*, "not entitled to discovery," is binding on the lower federal courts.

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (denying discovery to support discriminatory pricing claim); *see also, Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) (denying discovery to bolster § 1983 claim).

The same is true in the context of successor liability claims. *See, e.g.*, *Hobart Corp. v. Dayton Power & Light Co.*, 2014 U.S. Dist. LEXIS 20952, *17-18 (S.D. Ohio Feb. 18, 2014)

("Plaintiffs note that they have not yet had the opportunity for discovery, and therefore, do not have a copy of the agreement between [successor company] and its predecessor that could help support a theory of successor liability. While the Court sympathizes with Plaintiffs' dilemma, a sufficient pleading is required before discovery is permitted."); *Dedicated Nursing Assocs. v. Buckeye Forest at Akron LLC*, 2026 U.S. Dist. LEXIS 42131, *15 (S.D. Ohio March 2, 2026) ("Plaintiff indicates that discovery would allow it to identify additional facts to support its *de facto* merger theory. But a sufficient pleading is prerequisite to discovery.").

In the face of this controlling law and persuasive authority, Plaintiff insists that courts have refused to grant Rule 12 motions without at least some discovery and points to a grab-bag of district court and bankruptcy court opinions from other jurisdictions as support. Opp., pp. 6-7. All these cases are factually distinguishable and, notably, not one stands for the proposition that a plaintiff is entitled to discovery before meeting the *Twombly* and *Iqbal* pleading standards.[2] Indeed, in all but one of these cases, the court found the complaint at issue had sufficient facts to survive dismissal, which is not the case here. To the extent these cases can be construed to hold otherwise, they conflict with the Supreme Court's rulings in *Twombly* and *Iqbal* and controlling Sixth Circuit precedent and should be rejected.

Plaintiff concludes his argument that the Motion is premature by stating that, if there is any question that Plaintiff has not met his burden of providing sufficient factual matter to state a claim for relief that is plausible on its face, the Motion "should still be denied pending a period of discovery specifically on the issue of successor liability." Opp. pp. 7-8. For the reasons stated

[2] Only one of Plaintiff's cited cases denied the motion before it, allowing the case to proceed to discovery, without any significant consideration of the plaintiff's pleading burden. *Brennan v. Nat'l Tel. Directory Corp.*, 850 F. Supp. 331, 339 (E.D. Pa. 1994). This case predates the Supreme Court's clarification of the federal pleading standard in *Twombly* and *Iqbal*, and any similar approach here would be inconsistent with that standard and controlling Sixth Circuit precedent interpreting the same. *New Albany Tractor, Inc.*, 650 F.3d at 1051.

above, this argument is meritless and must be rejected under *Twombly* and *Iqbal*. If Plaintiff can't articulate enough facts on his own to meet those threshold pleading standards, he is not entitled to unlock the doors of discovery.

## II. PLAINTIFF FAILS TO PLEAD SUFFICIENT FACTS TO STATE A PLAUSIBLE CLAIM FOR SUCCESSOR LIABILITY

### *A. Plaintiff Must Comply with Twombly and Iqbal Pleading Standards in Pleading Successor Liability*

Plaintiff acknowledges the general rule in Ohio that a successor company is not liable for the debts of its predecessor, subject to four exceptions. Opp., p. 8. However, Plaintiff argues he is not required to plead facts to support the existence of each element of each exception to survive dismissal. *Id*. This is a red herring. Holdings never said that Plaintiff needs to plead facts to support each element of each exception, although the very case that Plaintiff relies upon for his argument notes that many courts do in fact require that. *Pidcock v. Goddard (In re SII Liquidation Co.)*, 2014 Bankr. LEXIS 3382, *12 (Bankr. N.D. Ohio 2014) ("As outlined above, many courts now look at each element of each exception.").[3]

Holdings' argument is simple. Plaintiff needs to comply with the pleading requirements of *Twombly* and *Iqbal* by alleging facts sufficient to state a plausible claim for relief on the face of the complaint. To do that, Plaintiff necessarily must address each exception he claims is applicable and allege facts sufficient to establish a plausible claim that such exception applies. As explained in the Motion, Plaintiff has failed to do so. There are substantial gaps in Plaintiff's allegations for each successor liability exception where he relies on pure speculation, legal conclusions, and assumptions or where he outright ignores required elements of an exception. Such "allegations"

[3] *See, e.g., Garrett Day LLC v. Int'l Paper Co.*, No. 3:15-cv-36, 2016 U.S. Dist. LEXIS 25494, at *24-28 (S.D. Ohio Feb. 29, 2016) (dismissing successor liability claim after assessing elements of mere continuation and de-facto merger exceptions and denying request for discovery).

are deficient and not entitled to be taken as true on a motion to dismiss. To the extent Plaintiff is arguing for a more relaxed pleading standard than what is required by *Twombly* and *Iqbal*, that argument must be rejected.

***B. Plaintiff Failed to Adequately Plead the Assumption Exception***

Plaintiff points to a single conclusory statement in paragraph 29 of the Complaint as the basis for his claim that the Assumption Exception applies: "The Locus Restructuring Entities were to contribute all assets and liabilities (except certain litigation) to Locus Holdings, LLC." Opp., p. 9. Based on this solitary "fact," Plaintiff extrapolates that Holdings must have assumed liability for the Arbitration Award (even though Plaintiff concedes that "certain litigation" was excluded). This is the sum total of Plaintiff's "factual" pleading for this exception, and it is wholly inadequate to establish a plausible claim.

As noted in the Motion, courts have dismissed claims based on the Assumption Exception where the complaint fails to include specific facts to support the claim that the buyer expressly or impliedly assumed the liabilities of the seller. Motion, p. 8 (citing *Hobart*, *supra*). Merely stating that a defendant "assumed all liabilities and obligations" is a "conclusory allegation" not entitled to deference. *Dedicated Nursing Assocs., Inc. v. Buckeye Forest at Akron LLC*, No. 2:25-CV-236, 2026 WL 575073, at *6 (S.D. Ohio Mar. 2, 2026).

In *Dedicated Nursing Assocs.*, the plaintiff alleged that the defendants "assumed all liabilities and obligations necessary to continue the Predecessor Entities' business operations." *Id.* at *6. The court rejected the allegation as conclusory: "But this conclusory allegation is not supported by any factual allegations." *Id.* Furthermore, the court noted the allegation was contradicted by the terms of the contract, which provided that some liabilities were *excluded* from the transfer at issue. *Id.* The same defects exist here. Plaintiff makes a single conclusory statement that all assets and liabilities were transferred to Holdings without pointing to any specific facts,

and even that conclusory statement contains the limitation that "certain litigation" was excluded from the transfer, contradicting Plaintiff's assertion that liability for the Arbitration Award was expressly or impliedly assumed by Holdings. Plaintiff fails to cite any authority finding that such a conclusory statement is adequate under *Twombly* and *Iqbal*.

Indeed, the only case Plaintiff cites is a bankruptcy case from Pennsylvania that does not even involve the Assumption Exception and is entirely inapposite. Opp., p.10, n.10 (citing *In re PA Co-Man, Inc.*, 644 B.R. 553, 645 (Bankr. W.D. Pa. 2022), involving only the Merger Exception and Mere Continuation Exception). Plaintiff cites the case for the proposition that pleading successor liability is subject to the "lenient pleading requirements of Rule 8(a), not the more rigorous standards of Rule 9(b)." *PA Co-Man, Inc.*, 644 B.R. at 645. This is beside the point. Holdings does not claim that Rule 9(b)'s heightened pleading standard applies to the Assumption Exception. As such, the case should be disregarded.

***C. Plaintiff Failed to Adequately Plead the Merger Exception***

Once again, Plaintiff advances speculation and conclusory statements devoid of factual support in his attempt to plead a claim based on the Merger Exception. Plaintiff also continues to hide behind his broad-brush pleading and vague references to "the Locus Restructuring Entities" in lieu of specific facts relevant to Management – the only Locus entity against whom the Arbitration Award was entered. The Opposition does nothing to change that.

First, as noted in the Motion, the "sine qua non of de facto merger" is continuity of shareholders resulting from a sale of assets in exchange for stock. *Welco Indus., Inc. v. Applied Cos.*, 67 Ohio St. 3d 344, 349 (1993); *see also*, *Dedicated Nursing Assocs.*, *supra*, at 13-14 (noting this factor is "arguably the most critical factor…"). Plaintiff readily admits he knows nothing about the continuity of shareholders! Opp., p. 13 ("The only factor that was not addressed is the commonality of shareholders, which Pawlak cannot conceivably address without discovery, due

to the non-public nature of Locus Holdings, LLC."). This admission alone is fatal to the plausibility of any claim based on the Merger Exception.

In a similar vein, Plaintiff's insistence that the alleged transfer of assets by Management was in exchange for stock in Holdings – something Plaintiff refers to as "the quintessential sign that a de facto merger has taken place" (Opp., p. 12) – is directly undercut and contradicted by yet another admission. Specifically, the very first argument Plaintiff makes with respect to the *Welco* factors is that Management's alleged asset transfers were in exchange for stock. *Id*., p. 11. At the same time, Plaintiff readily admits that it has no idea what consideration was paid to Management and whether the consideration was sufficient! Opp., p. 16.

Plaintiff's allegations as to the remaining *Welco* factors also fail to state plausible claims. The fourth *Welco* factor requires the assumption by the purchaser of all liabilities and obligations necessary to continue the predecessor's business. But as discussed above, the Amended Complaint only contains conclusory allegations with respect to Holdings' assumption of liabilities, which are not entitled to be taken as true on a motion to dismiss.

Similarly, the Amended Complaint contains only conclusory allegations devoid of factual support with respect to whether Holdings is continuing with Management's previous business activity and corporate personnel. Indeed, Plaintiff relies almost entirely on broad-brush pleading, referring to 14 other Locus entities whenever he claims something was contributed or transferred to Holdings or prior business operations are being continued. No effort is made to address Management specifically beyond noting that certain specific trade names were assigned to Holdings. Amended Complaint, ¶ 31. There are not even any specific facts stating what Management's business was (in contrast to business conducted by other Locus entities) and whether that specific business is being carried on by Holdings, or what consideration was paid to

Management in exchange for its assets. Nor are any facts alleged that make a merger between Management and Holdings any more plausible than any other form of transaction, like a secured creditor foreclosure. Plaintiff ignores all these pleading deficiencies.

For the foregoing reasons, the Amended Complaint fails to adequately allege facts demonstrating a plausible claim for relief based on the Merger Exception.

### *D. Plaintiff Failed to Adequately Plead the Mere-Continuation Exception*

Plaintiff's argument for applying the Mere-Continuation Exception rests entirely on the same cases he cites in support of his argument that the Motion is premature and Plaintiff should be entitled to take discovery to fill in the numerous gaps in his pleading. Opp., p. 14. As already discussed above, this request, and Plaintiff's cited authority, conflicts with *Twombly* and *Iqbal* and goes against controlling Sixth Circuit precedent.

Furthermore, Plaintiff admits that common ownership is "critical" to the Mere-Continuation Exception. Opp., p. 13. And yet, as noted above, Plaintiff readily admits he knows nothing about Management's ownership, Holdings' ownership, or the extent to which they overlap. Plaintiff claims he cannot know this information without discovery. But he is not entitled to unlock the doors of discovery without first meeting the threshold pleading standards of Twombly and Iqbal, which he cannot do here.

### *E. Plaintiff effectively concedes that the Fraud Exception is inapplicable*

Plaintiff's argument for the Fraud Exception amounts to little more than an acknowledgement that fraud is difficult to plead and a request that the Court simply trust that he will uncover evidence of fraud in discovery. Opp., pp. 14-15. That is not how pleading works in the Sixth Circuit. *New Albany Tractor, Inc.*, 650 F.3d at 1051. Without more, Plaintiff cannot invoke the Fraud exception. Plaintiff relies solely on unsupported legal conclusions and speculation, which are not taken as true on a motion to dismiss. Having identified no cognizable

basis for the Fraud Exception to apply, the Court should find that Plaintiff failed to allege as much in the Amended Complaint.

As Plaintiff has not alleged facts sufficient to support applying *any* exception to the successor liability rule, the Court should find that Plaintiff has failed to state a plausible claim for successor liability against Holdings.

## III. <u>PLAINTIFF FAILS TO PLEASE FACTS TO STATE A PLAUSIBLE CLAIM FOR FRAUDULENT TRANSFER</u>

When it comes to Plaintiff's fraudulent transfer claims, the allegations in the Amended Complaint are textbook examples of conclusory pleading and parroting the elements of the causes of action. Plaintiff fails to allege facts to support the who, what, when, where, and how needed to meet the heightened pleading standard applicable to fraud claims under Rule 9. As such, the claim should be dismissed.

Plaintiff does not deny that he is required to allege that an "asset" was transferred to establish a plausible fraudulent transfer claim. Nor does Plaintiff dispute that the Uniform Fraudulent Transfer Act provides a specific definition for what constitutes an "asset," which expressly excludes assets encumbered by liens. Instead, he argues that the encumbrance issue is "an affirmative defense" that is "more appropriate for a motion for summary judgment." Opp., p. 15. Plaintiff cites no authority in support of this assertion and ignores contrary precedent identified in the Motion. Motion, p. 16 (citing *Bash v. Textron Fin. Corp. (In re Fair Fin. Co.)*, 834 F.3d 651, 666 (6th Cir. 2016).) This is the language from the Sixth Circuit that Plaintiff ignored:

> When read in concert, these provisions [the definitions of transfer, asset, and lien under the Ohio UFTA] provide that, to state a claim for relief under the Ohio UFTA, the [plaintiff] must allege facts plausibly suggesting that the [contract] including its conveyance of a security interest in all of Debtor's property, and the payments made pursuant to the [contract], constitute transfers under the Ohio UFTA. That is, [plaintiff] must show that the assets or interests in assets conveyed by the Debtor pursuant to the [contract] were not already encumbered by a valid lien.

*In re Fair Fin. Co.*, 834 F.3d at 666. The Sixth Circuit is clear: a plaintiff's pleading burden to state a fraudulent transfer claim under the Ohio UFTA includes an obligation to "allege facts plausibly suggesting that … the assets or interests in assets conveyed by the Debtor … were not already encumbered by a valid lien." *Id.* Thus, despite Plaintiff's efforts to shift this burden to Holdings, it remains the case that Plaintiff has failed to allege a transfer of an "asset" within the statutory meaning and has therefore failed to state a claim for fraudulent transfer.

Even if Plaintiff had not failed on this threshold issue, he similarly stumbles when attempting to salvage his actual and constructive intent theories of fraud. He contends that Holdings has conceded the validity of his actual intent theory because Holdings acknowledged a singular allegation that "appears to relate to this claim," despite identifying it as "remarkably hollow." Opp. pp. 15-16. Plaintiff retorts that a "claim can obviously be 'hollow' while still surviving a motion to dismiss," although he identifies no authority to support this contention, which seems to conflict with the *Twombly* and *Iqbal* pleading requirements. *Id.*, p. 16. The remainder of the Opposition then proceeds to list as supporting "facts" many of the same conclusory allegations that Holdings has already addressed here and in its Motion. Nowhere in the Opposition does Plaintiff engage with the heightened pleading standard to which his actual intent claim is subject under Rule 9(b). The Amended Complaint does not meet this heightened standard, and Plaintiff makes no effort to suggest that it does.

Among the "facts" to which Plaintiff points is "the fact that the Locus Restructuring Entities contributed all assets and liabilities to Locus, during the arbitration, without receiving adequate value for those assets." *Id.* This was, ostensibly, Plaintiff's effort to defend his constructive intent theory (although he never identifies it as such). As Holdings identified in its Motion, for Plaintiff to simply allege that Management did not receive adequate value is a legal

conclusion not entitled to deference. Motion, pp. 18-19 (collecting cases). Rather than rebut this argument, Plaintiff concedes that he cannot be aware of the value Management received for its assets without discovery (to which he is not entitled) and instead argues that it must have been inadequate per se because Management did not pay him for the Arbitration Award. Opp., p.16. This argument has been squarely rejected by the Northern District of Ohio and does not square with the Sixth Circuit's interpretation of Ohio UFTA constructive intent claims.[4] Whether assets were transferred for reasonably equivalent value is unrelated to whether such value is sufficient to pay disgruntled unsecured creditors. If there is insufficient value to pay all secured claims in full, unsecured creditors do not have a basis to say that consideration for transferred assets is per se insufficient. Plaintiff fails to cite any authority for such a remarkable proposition.

Given these blatant pleading defects, the Amended Complaint fails to state a plausible claim for fraudulent transfer on its face.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff has failed to allege facts sufficient to state a plausible claim for successor liability or fraudulent transfer against Holdings. Plaintiff has already had a second bite at the apple in trying to fix the many pleading deficiencies in the original Complaint. Permitting further amendment would be futile, especially as Plaintiff acknowledges he cannot know many of the key facts without discovery to which he is not entitled. Accordingly, the Amended Complaint should be dismissed with prejudice with respect to Holdings.

---

[4] *State ex rel. Woodridge Loc. Schs. v. Facebook, Inc.*, 432 F. Supp. 3d 729, 734-35 (N.D. Ohio 2020) (rejecting argument because "ECOT's alleged insolvency does not demonstrate to any extent whether ECOT received equivalent value for any transfers it made."); *Valley City Steel, LLC v. Liverpool Coil Processing, Inc.*, 336 F. App'x 531, 534 (6th Cir. 2009) ("a 'reasonably equivalent value' must be evaluated based on the facts known at the time of the transaction.")

Dated: October 12, 2026

Respectfully submitted,

*/s/ Elliot M. Smith*

ELLIOT M. SMITH (0078506)
DAVID R. MAYO (0014345)
DAVID M. WALTERS (0104248)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Sq., Ste. 4900
Cleveland, OH 44114
Telephone: 216.363.4500
Email: dmayo@beneschlaw.com
esmith@beneschlaw.com
dwalters@beneschlaw.com

*Attorneys for Defendant Locus Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 12 2026, a true and accurate copy of the foregoing was electronically filed and served by virtue of the Court's electronic filing system on the following:

Michael R. Fortney (0092325)
**FORTNEY LAW, LLC**
300 Weatherstone Dr. #303
Wadsworth, OH 44281
Telephone: 330.619.8502
Email: mike@ohiolienlawyer.com

*Attorney for Plaintiff Chad Pawlak*

*/s/ Elliot M. Smith*
ELLIOT M. SMITH